IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMESON T. HAZELBOWER,            )
                                  )
              Petitioner,         )
                                  )
       v.                         )   Case No. 24-3007-JWL
                                  )
KEVIN PAYNE, Commandant,          )
United States Disciplinary Barracks, )
                                  )
              Respondent.         )
                                  )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner represented by counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges certain convictions and his sentence by court martial.  For the reasons set forth below, the Court **denies** the petition.

In 2015, a military judge sitting as a general court martial convicted petitioner of various sexual offenses against three victims.  At trial, the court allowed the prosecution to submit evidence of both uncharged and charged sexual misconduct to show petitioner's propensity to commit the charged offenses.  The Army Court of Criminal Appeals (ACCA) affirmed the convictions, *see United States v. Hazelbower*, 2016 WL 6081756 (Army Ct. Crim. App. Oct. 12, 2016) (unpub. op.), but the Court of Appeals for the Armed Forces (CAAF) set aside that opinion and remanded the case to the ACCA for consideration in light of a recent opinion by the CAAF, *see* 76 M.J. 441 (Ct. App. Armed Forces 2017).  On remand, the ACCA again affirmed the convictions, ruling that although the judge had erred in allowing the charged sexual misconduct to be submitted as propensity evidence, that

error was harmless beyond a reasonable doubt. *See United States v. Hazelbower*, 2017 WL 5664838 (Army Ct. Crim. App. Nov. 22, 2017) (unpub. op.). The CAAF affirmed that decision, also concluding that the error in admitting the propensity evidence was harmless beyond a reasonable doubt. *See United States v. Hazelbower*, 78 M.J. 12 (Ct. App. Armed Forces 2018).

Petitioner now challenges two convictions relating to one victim (Charge II, Specifications One and Two). As he did on direct appeal, petitioner argues that those convictions should be overturned because the judge improperly considered charged misconduct as propensity evidence. As petitioner notes, the CAAF has held that charged sexual misconduct may not be admitted as propensity evidence under Mil. R. Evid. 413, that the admission of such evidence violates the due process right to a presumption of innocence, and that any error in admitting such evidence must be tested under the standard of harmless beyond a reasonable doubt. *See United States v. Hills*, 75 M.J. 350, 354-58 (Ct. App. Armed Forces 2016). The CAAF has further held that those rulings apply also in the case of a trial to a military judge alone. *See United States v. Hukill*, 76 M.J. 219, 222-23 (Ct. App. Armed Forces 2017). Petitioner argues in the present case that the judge at his court martial erred in admitting charged misconduct as propensity evidence under Mil. R. Evid. 413 and that such error was not harmless beyond a reasonable doubt. Respondent submitted an answer to the petition; but petitioner has not submitted a traverse or reply brief, and the deadline for any such filing has passed. Accordingly, the matter is ripe for ruling.

Last year the Tenth Circuit clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir.), *cert. denied*, 144 S. Ct. 191 (2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858.

The Court agrees with respondent that petitioner is not entitled to a full merits review in this case because the second *Dodson* factor does not weigh in petitioner's favor. Petitioner seeks review of the military courts' conclusion that the trial judge's error was harmless beyond a reasonable doubt. Petitioner argues that the error was not harmless because the evidence supporting the conviction was not overwhelming, the testimony of the victim was not corroborated and was in fact contradicted by other evidence, and the

3

victim had a motive to fabricate her testimony.  As shown by that argument, however, the issue of harmlessness involves a consideration of the facts of the case, with petitioner challenging the military courts' weighing of the evidence to conclude that the error was harmless in this case.  Accordingly, the issue is not "one of law rather than of disputed fact already determined by the military tribunals," as required for a merits review.  Petitioner argues that a mixed question of law and fact may satisfy this *Dodson* factor, but he cites no authority in support of that position.  To the contrary, the Tenth Circuit recently held that a petitioner did not satisfy this factor when the admissibility issue before it "was not one of pure law" and was "more factual than legal."  *See Drinkert v. Payne*, 90 F.4th 1043, 1048 (10th Cir. 2024).  Here too the issue is not a purely legal one, but rather turns on a factual weighing of the evidence.

The Court further concludes that petitioner cannot satisfy the fourth *Dodson* factor because he cannot show that the military courts failed to give adequate consideration to the harmlessness issue or that the military courts failed to apply proper legal standards.  Both the ACCA and the CAAF considered and rejected the same claim raised here.  In its opinion, the ACCA found that the government's case "was strong on each charged sexual assault offense, independent of any inference of propensity;" that the victim's testimony was "clear and compelling;" that evidence of uncharged sexual misconduct supported the charges; and that the defense case was "weak" and was undermined by evidence of petitioner's own text messages.  *See Hazelbower*, 2016 WL 5664838, at *2-4.  Similarly, the CAAF found that the evidence of petitioner's guilt was "overwhelming", with the victim's account "corroborated by a wealth of independent supporting evidence."  *See*

4

*Hazelbower*, 78 M.J. at 12.  Thus, there is no basis to suggest that the military courts did not give adequate consideration to petitioner's claim.

Petitioner argues that the military courts applied the wrong legal standard because they applied the standard for factual sufficiency instead of the proper standard for harmlessness beyond a reasonable doubt.  In support of that argument, petitioner tries to compare his case to a case in which the CAAF concluded that an error in admitting propensity evidence was not harmless.  *See United States v. Guardado*, 77 M.J. 90 (Ct. App. Armed Forces 2017).  As the Tenth Circuit has recently made clear, however, the relevant inquiry is not whether the military courts incorrectly applied the governing standard, as that inquiry would essentially require a court to review the merits of the case to determine whether the merits may be reviewed; rather a military habeas petitioner must show that the military courts did not identify and apply the proper legal rule governing the issue.  *See Drinkert*, 90 F.4th at 1048-50.  In this case, both the ACCA and the CAAF considered whether the error in admitting the evidence was harmless beyond a reasonable doubt.  *See Hazelbower*, 2017 WL 5664838, at *2 (citing *Chapman v. California*, 386 U.S. 18, 24 (1967)); *Hazelbower*, 78 M.J. at 12.  Petitioner himself has argued that the correct standard is harmlessness beyond a reasonable doubt.  Accordingly, the military courts applied the proper legal standard, and petitioner cannot satisfy the fourth *Dodson* factor.

Because petitioner cannot establish that all of the *Dodson* factors weigh in his favor, the Court cannot review the merits of petitioner's claim, and it therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of May, 2024, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge